UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>            Plaintiff,<br><br>      v.<br><br>MARISA BIGO, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-01895-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENYING PLAINTIFF'S MOTIONS<br><br>[ECF Nos. 1, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22] |

Plaintiff David N. Osolinski is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 1, 2014.

**I.**

**SCREENING REQUIREMENT**

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

1  unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal
2  quotation marks and citation omitted).  While factual allegations are accepted as true, legal
3  conclusions are not.  Iqbal, 556 U.S. at 678.
4       Under section 1983, Plaintiff must demonstrate that each defendant personally participated in
5  the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the
6  presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at
7  678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of
8  misconduct falls short of meeting this plausibility standard.  Id.

## II.

## SUMMARY OF COMPLAINT

11       Approximately one year ago, Defendant Marisa Bigot was assigned to work unit 18 as the new
12  unit supervisor.  Defendant Bigot was to operate and run unit 18 in a legal manner.  Once Defendant
13  Bigot took over unit 18, she quickly made up rules of her own, which included entering Plaintiff's bad
14  area while he was asleep and searching his personal property, Defendant Bigot claimed she was able
15  to do so because she was the supervisor of the unit.  Defendant Bigot nor any other official provided
16  notice of their presence in Plaintiff's room.  The Defendants actions caused Plaintiff to become very
17  surprised and angry.  Plaintiff would jump out of his bed and yell, "[s]top your bull shit and stop
18  violating [my] civil and constitutional rights without [my] due process rights within a court of law."
19  In response, Defendant Bigot would activate the emergency button causing other officials to respond
20  to Plaintiff's bed area.  At no time did Plaintiff threaten any form of harm towards Defendant Bigot.
21       Plaintiff requests the appointment of counsel, a temporary restraining order, monetary
22  damages, unconditional release, and removal of Defendant Bigot from working with sexually violent
23  predators, as relief in this action.

## III.

## DISCUSSION

**A.  Civil Rights Section 1983**

27  "[C]ivil detainees retain greater liberty protections than individuals detained under criminal
28  process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ."

2

Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted).

**B.     Unreasonable Search of Room**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34.

With respect to Plaintiff's living area and property, there must be a "reasonable expectation of privacy in the area invaded" for a Fourth Amendment claim to lie. Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson v. Palmer, 468 U.S. 517, 525 (1984); Bell, 441 U.S. at 556-57. The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil confinement. See Bell, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility); see also Pesci v. Budz, No. 2:12-cv-227-FtM-29SPC, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); Rainwater v. Bell, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10-3759 (PJS/JJG), 10-4236 (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion

to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); Riley v. Doyle, No. 06-C-574-C, 2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); *but see* Hoch v. Tarkenton, No. 1:10-cv-02258-DLB PC, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (WD. Wash. May 7, 2012).

Plaintiff's bare allegation that his living area and property were subjected to searches is insufficient to support a viable claim under the Fourth Amendment. Accordingly, Plaintiff fails to state a cognizable claim for relief and his complaint will be dismissed with leave to amend.

### C.     **Appointment of Counsel**

As a form of relief, Plaintiff requests the appointment of an attorney. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

///

4

In the present case, the court does not find the required exceptional circumstances. For the reasons explained above, Plaintiff's complaint fails to state a claim for relief. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Thus, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

### D.     Plaintiff's Various Motions for Relief

On January 23, 2015, Plaintiff filed the following motions: 1) motion asking court to hand deliver Plaintiff's civil rights action to Defendant David Osolinski; 2) motion to submit declaration of one individual patient named Mr. Green; 3) motion to admit statement of facts by Plaintiff; 4) motion to admit statement of facts by Plaintiff; 5) motion for court to order Defendants to give Plaintiff unlimited typing paper and envelopes; 6) motion to submit another personal harassment toward Plaintiff by staff member Ekong Etukudoh; 7) motion to submit statement of harassment; 8) motion for removal of bed sheets and blankets outside of Plaintiff's presence; 9) motion to amend statement of facts; 9) motion to amend statement of harassment; 10) motion for court order to return Plaintiff's credit cards; and 11) motion for temporary restraining order. (ECF Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22.)

#### 1.     Motion to Serve Complaint

As to Plaintiff's request for service of the complaint on Defendants, Plaintiff's request is premature. (ECF No. 11.) As stated above, the Court must serve Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and the Court can only order service of the complaint by the United States Marshal if it finds that Plaintiff has stated a cognizable claim for relief. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Because the present order serves to dismiss Plaintiff's complaint with leave to amend, his request for service of the complaint is premature and must be denied.

#### 2.     Motion to Submit Declaration by Witness Mr. Green

To the extent Plaintiff requests to submit a declaration of witness-patient Mr. Green, Plaintiff may do so by way of attachment to an amended complaint, if and when one is filed. Plaintiff is advised that he cannot submit exhibits piecemeal as each exhibit must be specifically referenced and

5

incorporated in the complaint. Fed. R. Civ. P. 10(c). Plaintiff is further advised that in amending the complaint, he need only state the facts upon which he alleges a defendant has violated his constitutional right.

   3.  <u>Motions to Submit Statement of Facts by Plaintiff</u>

In the two motions to submit statement of facts, Plaintiff attempts to add factual allegations to support his claim for relief. (ECF Nos. 13, 14, 19.) Plaintiff is advised that allegations relating to his claims for which he seeks relief in this action cannot be added subsequently by piecemeal presentation. Local Rule 220 does not permit piecemeal amendments. "[E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be … filed so that it is complete in itself without reference to the prior or superseded pleading." Local Rule 220.

   4.  <u>Motions for Unlimited Typing Paper and Envelopes, Removal of Bed Sheets and Blankets, Return of Credit Cards, and Temporary Restraining Order</u>

Plaintiff has filed separate motions requesting unlimited typing paper and envelopes, prevention of the removal of bed sheets and blankets, return of credit cards, and return of personal property. Plaintiff's motions all seek equitable relief in the form of a temporary restraining order and/or preliminary injunction. (ECF Nos. 15, 18, 21, 22.)

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008). Miscellaneous motions

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." <u>Mazurek v.</u>

1  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
2  party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that
3  motion is unsupported by evidence.

4        Federal courts are courts of limited jurisdiction and in considering a request for preliminary
5  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
6  an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge
7  Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If
8  the Court does not have an actual case or controversy before it, it has no power to hear the matter in
9  question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
10 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly
11 drawn, extends no further than necessary to correct the violation of the Federal right, and is the least
12 intrusive means necessary to correct the violation of the Federal right."

13       Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his
14 rights at issue in this action.  The constitutional and statutory requirements applicable to equitable
15 relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison
16 officials allow Plaintiff to receive his legal property through the mail services.  The equitable relief
17 requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the
18 jurisdictional requirements that apply to federal courts.

19       As explained above, in light of the fact that the present order shall dismiss Plaintiff's complaint
20 for failure to state a claim, with leave to file an amended complaint which will supersede the
21 complaint, the Court does not have before it an actual case or controversy at this juncture, nor does the
22 Court have jurisdiction over any of the defendants in this action.  Zepeda v. United States Immigration
23 Service, 753 F.2d 719, 727 (9th Cir. 1985).  Consequently, Plaintiff is not entitled to a preliminary
24 injunction because there is no case or controversy and the Court lacks jurisdiction to issue any
25 injunctive relief.  Accordingly, Plaintiff's motions for preliminary injunctive relief shall be denied for
26 lack of jurisdiction.
27 ///
28 ///

5. <u>Motions to Submit Additional Incidents of Harassment</u>

Plaintiff has filed three separate motions to submit additional incidents of harassment by Defendants. (ECF Nos. 16, 17, 20.) As previously stated, allegations relating to Plaintiff's claims for relief in this action cannot be added subsequently by piecemeal presentation. Local Rule 220 does not permit piecemeal amendments. "[E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be … filed so that it is complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motions for Relief, filed January 23, 2015 (ECF Nos. 11 through 22), are DENIED for the reasons stated herein;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's complaint, filed December 1, 2014, is dismissed for failure to state a claim;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 27, 2015**

UNITED STATES MAGISTRATE JUDGE