1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    DAVID N. OSOLINSKI,                    )    Case No.: 1:14-cv-01895-AWI-SAB (PC)
                                             )
12                   Plaintiff,              )
                                             )    ORDER DISMISSING FIRST AMENDED
13            v.                             )    COMPLAINT, WITH LEAVE TO AMEND, FOR
                                             )    FAILURE TO STATE A COGNIZABLE CLAIM
14    MARISA BIGO, et al.,                   )    FOR RELIEF
                                             )
15                   Defendants.             )    [ECF No. 23]
                                             )
16    _____   )

17            Plaintiff David N. Osolinski is appearing pro se and in forma pauperis in this civil rights action

18    pursuant to 42 U.S.C. § 1983.

19            Now pending before the Court is Plaintiff's first amended complaint, filed February 17, 2015.

20                                              **I.**

21                              **SCREENING REQUIREMENT**

22            The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the

23    court determines that … the action or appeal … fails to state a claim upon which relief may be

24    granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the

25    claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual

26    allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

27    by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

28    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

                                              1

unwarranted inferences," <u>Doe I v. Walmart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678-679; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Id.</u>

**II.**

**SUMMARY OF COMPLAINT**

Defendants have invaded Plaintiff's privacy by entering his sleeping area while he is asleep on two or more occasions.  Plaintiff would awaken from his sleep and find Defendants going through his personal property.  Plaintiff yelled, "Get the hell away from my bed area while I'm sleeping."  Plaintiff would further state, "you can't keep invading my sleeping space while I'm sleeping and you['re] not trying to announce or mak[e] any attempts to awaken plaintiff to let him know you['re] in his bed area."  Defendant Marisa Bigot told Plaintiff, "she was the unit 18 supervisor, therefore, she could do whatever she wanted no matter what."   Marisa Bigot acts out in a negative and hateful way towards Plaintiff and others who have been committed as a sexually violent predator.

**III.**

**DISCUSSION**

**A.      Civil Rights Section 1983**

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ."  <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face.  <u>Id.</u> at 932-33.

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted).

**B.     Unreasonable Search of Room**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559; Byrd, 639 F.3d at 1141.

Civil detainees have "a diminished expectation of privacy after commitment to a custodial facility. Bell, 441 U.S. at 557. Legitimate concerns justifying searches and seizures are "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) (internal quotation marks omitted). However, "a search or seizure that is arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention" violates the Fourth Amendment. Id.

Plaintiff claims that the search of his room was motivated by Defendant Bigot's "hatred" toward sexually violent predators, such as Plaintiff. However, Plaintiff fails to provide sufficient factual support for his allegation, such as when, how, and why the searches were conducted; what harm he suffered as a result of the searches; and whether property was seized and, if so, why. Accordingly, Plaintiff fails to state a cognizable Fourth Amendment claim, and the Court will grant Plaintiff one final opportunity to amend the complaint to cure the deficiencies. If Plaintiff chooses to amend, he must demonstrate that the Defendants conducted an unreasonable search of his living area, causing him harm.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Plaintiff is one final opportunity file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.    Plaintiff's amended complaint, filed February 17, 2015, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 23, 2015**

UNITED STATES MAGISTRATE JUDGE