UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>          Plaintiff,<br><br>     v.<br><br>MARISA BIGO, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-01895-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>[ECF No. 27] |

Plaintiff David N. Osolinski is a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000

Now pending before the Plaintiff's amended complaint, filed March 12, 2015. (ECF No. 27.)

**I.**

**SCREENING REQUIREMENT**

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

1

by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Walmart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 556 U.S. at 678-679; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u>

## II.
## SUMMARY OF COMPLAINT

On April 28, 2014, at approximately 9:00 a.m. and 11:00 a.m., Defendants Bigot, Alekhoughie, and Rivera entered Plaintiff's sleeping area while he was asleep and began rummaging through his personal property, conducting a routine general search. Plaintiff is aware of no authority which permits Defendants to perform a routine general search while the person is asleep in the area being searched. The aforementioned action was taken by Defendants on at least two other occasions. The routine general searches were performed in a manner solely for harassment and invasion of Plaintiff's privacy.

Plaintiff would awaken from his sleep and find Defendants going through his personal property. Plaintiff yelled, "Get the hell away from my bed area while I am sleeping." Plaintiff would further state, "You can't keep invading my sleeping space while I am asleep! You're not trying to announce [your intent] or making any attempts to awaken me to let me know you are in my bed space!" Defendant Marisa Bigot told Plaintiff, "I am the Unit 18 Supervisor. I can do whatever I want no matter what."

Defendants, and each of them, have a pattern, policy, and practice of making up new rules as they go, while nothing whatsoever is codified, and frequently changed to fit the situation.
///

## III.

## DISCUSSION

### A.   Civil Rights Section 1983

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face.  Id. at 932-33.

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted).

### B.   Unreasonable Search of Room

The Fourth Amendment prohibits only unreasonable searches.  Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails.  Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34.  Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  Bell, 441 U.S. at 559; Byrd, 639 F.3d at 1141.

Civil detainees have "a diminished expectation of privacy after commitment to a custodial facility.  Bell, 441 U.S. at 557.  Legitimate concerns justifying searches and seizures are "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations."  Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) (internal quotation marks

omitted).  However, "a search or seizure that is arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention" violates the Fourth Amendment.  Id.

Plaintiff's bare allegations that his living area was subject to a routine general search solely for harassment and invasion of privacy fails to state a cognizable claim for relief.   Plaintiff's allegations simply do not demonstrate or support a plausible finding that the April 28, 2014, search and subsequently two searches were unreasonable.  Thus, even if a reasonable expectation of privacy in Plaintiff's room can be established, Plaintiff has failed to allege sufficient consistent facts to reflect an unreasonable search of his living area.  See, e.g., Bell, 441 U.S. 520, 557 (1979) ("No one can rationally doubt that room searches represent an appropriate security measure ….")  Accordingly, Plaintiff fails to state a cognizable Fourth Amendment claim.

### C.     Violation of California Constitution and State Law

Plaintiff contends that under California law, he has a constitutional right to privacy and to acquire and protect property, a statutory right to property, and a regulatory right to privacy, dignity, respect, and human care.  Violations of state law do not give rise to a claim for relief under section 1983.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Ove v. Gwinn, 264 F.3d 817, 824-25 (9th Cir. 2001); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

### D.     Further Leave to Amend

The Court previously notified Plaintiff of the deficiencies and granted leave to amend, and because Plaintiff has failed to cure the deficiencies further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's amended complaint fails to state any cognizable claims for relief under section 1983.  As Plaintiff has had previously opportunities to cure the deficiencies identified by the Court and has failed to do so, further leave to amend shall not be granted.  Lopez v. Smith, 203 F.3d at 1130.

Accordingly, it is HEREBY RECOMMENDED that his action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2015**

UNITED STATES MAGISTRATE JUDGE