1

2

3

4

5                         **UNITED STATES DISTRICT COURT**

6                          **EASTERN DISTRICT OF CALIFORNIA**

7

8    **DAVID N. OSOLINSKI,**                    **CASE NO. 1:14-cv-01895 AWI**

9                        **Plaintiff**

10          **v.**                              **ORDER DECLINING TO EXERCISE**
                                                **SUPPLEMENTAL JURISDICTION AND**
11   **MARISA BIGOT, et al.,**                  **CLOSING CASE**

12                       **Defendants**

13

14

15          Plaintiff is a civil detaining who is appearing pro se and in forma pauperis in this civil

16   rights case.  On June 5, 2015, this Court adopted a Findings and Recommendation and dismissed

17   Plaintiff's complaint with prejudice.  See Doc. No. 30.  The Findings and Recommendation found

18   that Plaintiff failed to state any cognizable claims under 42 U.S.C. § 1983.  See Doc. No. 28.

19   Plaintiff appealed to the Ninth Circuit

20          On June 1, 2016, the Ninth Circuit affirmed in part, reversed in part, and remanded the

21   matter.  See Doc. No. 35.  The Ninth Circuit held that the Court properly dismissed Plaintiff's

22   Fourth Amendment claims.  See id.  With respect to Plaintiff's state law claims, the Ninth Circuit

23   held that, while the state law claims do not form the basis of a § 1983 claim, they are cognizable

24   under the California Constitution.  See id.  The Ninth Circuit noted that this Court had

25   supplemental jurisdiction over the California Constitution claims.  See id.  The Ninth Circuit then

26   reversed the dismissal of the state law claims.  See id.  However, the Ninth Circuit stated that, on

27   remand, this Court "should exercise its discretion as to whether it will exercise supplemental

28   jurisdiction over [Plaintiff's] state law claims."  Id.

Under 28 U.S.C. § 1367(c)(3), where a court has disposed of all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims.  In fact, the general rule is that courts should decline to exercise supplemental jurisdiction when § 1367(c)(3) applies.  <u>See</u> <u>Religious Tech. Ctr. v. Wollersheim</u>, 971 F.2d 364, 367-68 (9th Cir. 1992).  Here, after consideration, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Religious Tech.</u>, 971 F.2d at 367-68.


## <u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims;

2. Plaintiff's state law claims are DISMISSED without prejudice to refiling in state court; and

3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:  ___July 5, 2016___          _____

            SENIOR  DISTRICT  JUDGE